UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVIN CAPONE PRINCE,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA STATE GOVERNOR'S OFFICE, et al.,<br><br>  Defendants. | No. 2:20-cv-1030 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I. Complaint

Plaintiff alleges that his Fourth, Fifth, Sixth, Ninth, Thirteenth, and Fourteenth Amendment rights are being violated by Gavin Newsom, the Governor's Office, the California Department of Corrections and Rehabilitation, the San Joaquin District Attorney's Office, and the San Joaquin Superior Court. ECF No. 1. Specifically, he alleges that he is being denied good-time credits, his release date is being miscalculated, and he is being held past his release date due to the COVID-19 pandemic and current stay-at-home orders. Id. at 2, 5-6, 8. He also challenges the legality of his sentence and alleges that he is being denied the ability to withdraw his plea agreement. Id. at 7-8. He seeks the recalculation of his release date and immediate release. Id. at 9.

II. <u>Failure to State a Claim</u>

State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490 (1973); <u>Nettles v. Grounds</u>, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff challenges the length and legitimacy of his confinement, as well as his conviction itself. Accordingly, this claim lies directly within the core of habeas corpus because he is challenging the validity of his continued confinement and a favorable determination would result in his speedier release. These allegations fail to state cognizable claims for relief under § 1983 and must be dismissed.

The court declines to offer plaintiff the option to convert his claims to an action for habeas corpus relief because it does not appear that he has exhausted his state court remedies and it appears that at least some of his claims are may not cognizable in federal habeas because they challenge the application or interpretation of state law. <u>See</u> 28 U.S.C. § 2254(b)(1) (exhaustion of state court remedies prerequisite to granting habeas petition unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights); <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

III. <u>No Leave to Amend</u>

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

IV.   Plain Language Summary of this Order for a Pro Se Litigant

Your claims should be dismissed because you are challenging the length of your sentence, which must be done by habeas petition. The court will not convert your complaint to a habeas petition because it does not look like you have exhausted your state court remedies and it looks like some of your claims may be about state law violations not federal constitutional violations.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE